# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MELVIN WILSON,

    **Plaintiff,**

    v.

LANDERS MCLARTY OLATHE KS, LLC
d/b/a OLATHE DODGE CHRYSLER JEEP
RAM, and HOPKINS AND RAINES, INC.,

    **Defendants.**

Case No. 18-2051-JAR-GEB

## MEMORANDUM AND ORDER

On February 21, 2019, just before the deadline passed for his class certification motion, Plaintiff Melvin Wilson filed a Status Report explaining that the parties had reached a settlement of this case in principle.[1] On March 22, 2019, Plaintiff filed another Status Report, advising that Plaintiff executed and tendered the parties' settlement agreement and general release to Defendants on or about March 7, 2019, but had not received word back from Defendants about the status of finalizing the matter.[2] Before the Court is Plaintiff's Motion to Enforce Settlement Agreement (Doc. 63). Defendants have not responded to the motion, and the time to do so has expired.[3] Therefore, the Court may grant this motion as uncontested.[4]

Moreover, Plaintiff's motion, and the settlement agreement submitted to the court in camera, demonstrate that the motion should be granted. Settlements are favored by the Tenth

---

[1] Doc. 59.

[2] Doc. 61.

[3] *See* D. Kan. R. 6.1(d)(1) (providing fourteen-day response time).

[4] D. Kan. R. 7.4.

Circuit,[5] and "[t]he trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it."[6] In resolving issues of contract formation and construction of a purported settlement agreement, the Court applies state law.[7] The parties do not dispute that Kansas law applies here.[8]

To be enforceable, a settlement must contain a "meeting of the minds on all essential terms and the parties must intend to be bound."[9] To ascertain whether the parties intended to be bound by a settlement agreement, the court determines whether the parties' "outward expression of assent is sufficient to form a contract."[10] "The fact that the parties contemplate the subsequent execution of a formal instrument as evidence of their agreement does not necessarily imply they have not already bound themselves to a definite and enforceable contract."[11]

The record reflects that the parties had a meeting of the minds when they drafted the settlement agreement submitted to the Court in camera, and that they intended to be bound by that agreement. Despite several opportunities to weigh in and challenge this assertion, Defendants stand mute. Therefore, the Court finds that there are no disputed material facts about whether the settlement agreement executed by Plaintiff represents the parties' oral agreement and should be enforced, and therefore grants Plaintiff's motion. Under the terms of the settlement

---

[5] *See Desktop Direct, Inc. v. Dig. Equip. Corp.*, 993 F.2d 755, 758 (10th Cir. 1993), *aff'd*, 511 U.S. 863 (1994).

[6] *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004).

[7] *Id.*

[8] The settlement agreement contains a forum selection clause. *See* Settlement Agreement ¶ 11.

[9] *U.S. ex rel. Quality Tr., Inc. v. Cajun Contractors, Inc.*, No. 04-4157-SAC, 2008 WL 410121, at *6 (D. Kan. Feb. 13, 2008).

[10] *Sw. & Assocs. v. Steven Enters., LLC*, 88 P.3d 1249, 1249 (Kan. Ct. App. 2004) (quoting 1 Lord, Williston on Contracts § 4:1, p. 241 (1990)).

[11] *Cajun Contractors, Inc.*, 2008 WL 410121, at *7 (quoting *Phillips & Easton Supply Co. v. Eleanor Int'l, Inc.*, 512 P.2d 379, 384 (1973)).

agreement, Defendants shall tender to Plaintiff the amount specified in ¶ 1. Plaintiff is awarded his reasonable attorneys' fees and expenses incurred litigating the instant motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Enforce Settlement Agreement (Doc. 63) is granted. Judgment shall be entered in Plaintiff's favor under the terms set forth in the parties' confidential settlement agreement. Plaintiff is awarded reasonable fees and costs incurred litigating the motion to enforce settlement.

**IT IS SO ORDERED.**

Dated: May 6, 2019

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE